IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| **BENJAMIN LOGAN WILLIAMS,** | |
| Plaintiff, | |
| v. | CASE NO.: |
| **HAMILTON COUNTY, TENNESSEE, JOHN DOE** in his individual and official capacity as Chaplain for the Hamilton County Sheriff's Department, a division of Hamilton County, Tennessee, **CORRECTIONS CORPORATION OF AMERICA** d/b/a **SILVERDALE DETENTION FACILITIES, CCA OF TENNESSEE, LLC** d/b/a **SILVERDALE DETENTION FACILITIES, PAUL JENNINGS** in his individual and official capacity as Warden of Silverdale Detention Facilities, **FLOYD DAVIS** in his individual and official capacity as Chaplain of Corrections Corporation of America and/or CCA of Tennessee, LLC, **JOHN DOES** corrections officers of Corrections Corporation of America and/or CCA of Tennessee, LLC, | **JURY DEMAND REQUESTED** |
| Defendants. | |

## COMPLAINT

COMES NOW the Plaintiff, Benjamin Logan Williams (hereinafter, "Plaintiff" or "Mr. Williams"), by and through undersigned counsel, LAW OFFICE OF JAMES W. FRIAUF, PLLC, and for his Complaint against Defendants, Hamilton County, Tennessee (hereinafter, "Hamilton County"), John Doe (hereinafter, "Jail Chaplain"), Corrections Corporation of America (hereinafter, "CCA"), CCA of Tennessee, LLC (hereinafter, "CCA TN") (hereinafter, collectively

1

"Silverdale"), Paul Jennings (hereinafter, "Warden Jennings"), Floyd Davis (hereinafter, "Chaplain Davis"), and John Does (hereinafter, "Silverdale Officers") avers as follows:

## PARTIES

1. Plaintiff, Benjamin Logan Williams, is a resident citizen of the State of Tennessee, County of Hamilton.

2. Defendant, Hamilton County, Tennessee is a body politic organized pursuant to the laws of the State of Tennessee. The defendant may be served with process via the Honorable Jim Coppinger, Mayor, at 201 Seventh Street, Chattanooga, Tennessee 37402.

3. Upon information and belief, at all relevant times, defendant John Doe served as Chaplain at the Hamilton County Jail and was employed by defendant Hamilton County, Tennessee. He is sued in his official capacity as Chaplain, as well as his individual capacity. At all relevant times, the defendant acted pursuant to color of state law. The defendant may be served at the Hamilton County Jail, 601 Walnut Street, Chattanooga, Tennessee 37402.

4. Defendant, Corrections Corporation of America is a for-profit corporation organized pursuant to the laws of Maryland with its principal place of business in Nashville, Tennessee. At all relevant times, CCA transacted business in the State of Tennessee, County of Hamilton, was otherwise engaged in the prison industry, and operated Silverdale Detention Facilities located at 7609 Standifer Gap Road, Chattanooga, Tennessee 37422. At all relevant times, the defendant operated under the color of state law, as it has a contractual relationship with Hamilton County

2

and/or the State of Tennessee to provide prison services. The defendant is registered to conduct business in the State of Tennessee and process may be served upon its registered agent, C T Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

5. Defendant CCA of Tennessee, LLC is a domestic, for-profit corporation with its principal place of business in Nashville, Tennessee. At all relevant times, CCA TN transacted business in the State of Tennessee, County of Hamilton, was otherwise engaged in the prison industry, and operated Silverdale Detention Facilities located at 7609 Standifer Gap Road, Chattanooga, Tennessee 37422. At all relevant times, the defendant operated pursuant to the color of state law as it has a contractual relationship with Hamilton County and/or the State of Tennessee to provide prison services. The defendant is registered to conduct business in the State of Tennessee and process may be served upon its registered agent, C T Corporation System at 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

6. Defendant, Paul Jennings, at all relevant times was Warden at Silverdale Detention Facilities. Upon information and belief, the defendant was employed by CCA and/or CCA TN. Warden Jennings is sued in his official capacity as Warden, as well as in his individual capacity. At all relevant times, the defendant acted under the color of state law. Warden Jennings may be served with process at Silverdale Detention Facilities located at 7609 Standifer Gap Road, Chattanooga, Tennessee 37422.

7. Defendant Floyd Davis, at all relevant times, was Chaplain at Silverdale Detention

Facilities. Upon information and belief, the defendant was employed by CCA and/or CCA TN. Chaplain Davis is sued in his official capacity as Chaplain, as well as in his individual capacity. At all relevant times, the defendant acted under color of state law. The defendant may be served with process at Silverdale Detention Facilities located at 7609 Standifer Gap Road, Chattanooga, Tennessee 37422.

8. Upon information and belief, defendant John Does, at all relevant times, served as corrections officers at Silverdale Detention Facilities. Upon information and belief, the Silverdale Officers were employed by CCA and/or CCA TN. At all relevant times, the defendants acted under color of state law. The defendants may be served at Silverdale Detention Facilities located at 7609 Standifer Gap Road, Chattanooga, Tennessee 37422.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action is being brought in violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, *et. seq.*, the First Amendment to the United States Constitution, and 42 U.S.C. § 1983.

10. The Court has supplemental jurisdiction over the remaining causes of action averred in the Complaint pursuant to 28 U.S.C. § 1367 in that such claims are so related to the claim within such original jurisdiction of this Court that they form part of the same case or controversy.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in Hamilton County,

Tennessee.

## GENERAL ALLEGATIONS

12. Plaintiff re-alleges and incorporates by reference each and every averment of paragraphs 1-11, inclusive.

13. On or about April 4, 2014, Mr. Williams was arrested by the Chattanooga Police Department (hereinafter, "CPD") on suspicion of driving under the influence.

14. The CPD placed Mr. Williams into custody and he was held at the Hamilton County Jail (hereinafter "Jail") pending completion of a toxicology report from analysis of blood drawn from Plaintiff at or about the time of his arrest. Upon information and belief, Hamilton County owns and/or otherwise operates the Jail.

15. The toxicology report ultimately came back negative for all tested substances, and the District Attorney for Hamilton County did not pursue criminal charges against Mr. Williams.

16. Mr. Williams is a member of the Jewish faith and his religious views are sincerely held.

17. As part of the exercise of Mr. Williams' Jewish faith and consistent with the theological doctrine thereof, Mr. Williams eats a kosher diet.

18. During his incarceration at the Jail, Mr. Williams requested a kosher diet consistent with his Jewish faith from, upon information and belief, the Jail Chaplain; however, his request was denied by the Jail Chaplain and/or defendant Hamilton County.

19. During his incarceration, Mr. Williams was transferred from the Jail to Silverdale on or about April 14, 2014.

5

20. The week of Passover was April 14-22, 2014 and occurred while Mr. Williams was incarcerated at Silverdale.

21. During Passover, Mr. Williams' religion forbids him to eat leavened bread. Mr. William's religion further prevents him from eating any pork or pork products.

22. During Passover and his incarceration at Silverdale, Mr. Williams requested Chaplain Davis provide him with unleavened bread to eat instead of leavened bread and that he not be provided pork or pork products to eat; however, his request was denied by, upon information and belief, Silverdale, Warden Jennings, Chaplain Davis, and/or the Silverdale Officers. The said defendants continued to give Mr. Williams only leavened bread to eat.

23. Defendants Silverdale, Warden Jennings, Chaplain Davis, and/or the Silverdale Officers also included pork or pork products as part of Mr. Williams' diet while he was incarcerated.

24. As a result of the defendants' failure to provide Mr. Williams with a kosher diet free of pork or pork products and leavened bread, as set forth herein, Mr. Williams stopped eating and became malnourished.

25. Mr. Williams' malnourishment became so severe, he was forced to seek medical treatment.

26. Mr. Williams ultimately posted bond and was released from custody on or about April 30, 2014.

27. Mr. Williams was convicted of no crime resulting from the conduct that placed him in the Defendants' custody and care.

6

## FIRST CLAIM FOR RELIEF

<u>Free Exercise</u>:
(*Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"),
42 U.S.C. § 2000cc, et. seq.*)

28. Plaintiff re-alleges and incorporates by reference each and every averment of paragraphs 1 through 27, inclusive.

29. Plaintiff is a member of the Jewish faith.

30. Plaintiff's religious beliefs are sincerely held.

31. At all relevant times, Plaintiff was a "claimant" pursuant to 42 U.S.C. 2000cc-5(1).

32. At all relevant times, Defendants were the "government" pursuant to 42 U.S.C. 2000cc-5(4).

33. At all relevant times, Plaintiff attempted to engage in "religious exercise" pursuant to 42 U.S.C. 2000cc-5(7)(A).

34. Defendants refused to allow Plaintiff to engage in religious exercise, including, without limitation, eating only kosher meals free of pork or pork products and leavened bread.

35. Defendants' refusal to allow Plaintiff to engage in religious exercise substantially burdened the exercise of his Jewish faith.

36. Defendants' refusal to provide Plaintiff with kosher meals free of pork and pork products and leavened bread forced Plaintiff to choose between his religious diet and adequate nutrition.

37. The foregoing acts by Defendants violate RLUIPA.

38. As a direct and proximate result of Defendants' violations of RLUIPA, Plaintiff has

7

suffered injuries and damages and is entitled to the relief as set forth more fully herein.

## SECOND CLAIM FOR RELIEF

Free Exercise:
(*42 U.S.C. § 1983 and First Amendment to the United States Constitution and Article I, § 3 of the Tennessee Constitution*)

39. Plaintiff re-alleges and incorporates by reference each and every averment of paragraphs 1 through 38, inclusive.

40. Defendants deprived Plaintiff of his First Amendment and Article I, § 3 rights to exercise his religion.

41. In depriving Plaintiff of his First Amendment and Article 1, § 3 rights to exercise his religion, Defendants acted under color of state law.

42. The foregoing acts of Defendants constitute a violation of Plaintiff's right of free exercise of his religion pursuant to the First Amendment of the United States Constitution and Section 1983 and pursuant to Article 1, § 3 of the Tennessee Constitution

43. As a direct and proximate result of Defendants' violations of the First Amendment and Section 1983 and Article I, § 3, Plaintiff has suffered injuries and damages and is entitled to relief as set forth more fully herein.

## THIRD CLAIM FOR RELIEF

Retaliation:
(*42 U.S.C. § 1983 and First Amendment to the United States Constitution*)

44. Plaintiff re-alleges and incorporates by reference each and every averment of paragraphs 1 through 43, inclusive.

8

45. Plaintiff engaged in protected activity via attempting to exercise his Jewish faith.

46. As a result of Plaintiff's attempts to exercise his Jewish faith, adverse action was taken against Plaintiff by Defendants that would deter a person with ordinary firmness from engaging in that conduct, including, without limitation, Defendants' continuing to attempt to force Plaintiff to consume pork or pork products and leavened bread after Plaintiff requested a kosher diet free of pork or pork products and leavened bread.

47. The adverse action taken against Plaintiff by Defendants was motivated, at least in part, by Plaintiff's engagement in protected conduct.

48. The foregoing actions by Defendants constitute retaliation for Plaintiff attempting to exercise his Jewish faith.

49. As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff for attempting to exercise his Jewish faith, Plaintiff has suffered injuries and damages and is entitled to relief as set forth more fully herein.

## **DAMAGES**

50. Plaintiff re-alleges and incorporates by reference each and every averment of paragraphs 1 through 49, inclusive.

51. As a direct and proximate result of each and every one of the foregoing acts, conduct, and violations of the law alleged herein, Plaintiff has suffered damages in an amount and according to proof including, but without limitation, physical, mental, and emotional pain and suffering, embarrassment, humiliation, inconvenience, and other incidental and consequential damages.

52. Upon information and belief, Defendants' actions in violation of the Tennessee Constitution as averred herein were intentional, malicious, and/or reckless, with a conscious disregard for Plaintiff's constitutional rights. Therefore, Plaintiff seeks an award of punitive damages under applicable law in an amount to be determined by a jury.

53. Plaintiff is further entitled to and seeks recovery of his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

54. Plaintiff further seeks an award of pre- and post-judgment interest as permitted by law.

**WHEREFORE**, Plaintiff prays for Judgment against Defendant as follows:

1. Compensatory damages in an amount of not less than THREE MILLION DOLLARS AND 00/100 ($3,000,000.00);
2. Punitive or exemplary damages in an amount of not less than FIVE MILLION DOLLARS AND 00/100 ($5,000,000.00);
3. Reasonable attorney's fees and costs;
4. Incidental and consequential damages in an amount to be determined by a jury; and
5. Any and all further relief awarded by a jury or the Court deems appropriate.

Respectfully submitted, this 2nd day of April, 2015.

        *Law Office of*
        **JAMES W. FRIAUF, PLLC**


        /s/ James Friauf
        JAMES W. FRIAUF (#027238)
        P.O. Box 24349
        Knoxville, TN 37933
        Tele: (865) 236-0347
        Fax: (865) 253-7261
        Email: james@friauflaw.com
        Our File No.: 15-062

        *Attorney for Plaintiff, Benjamin Logan Williams*