UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| BENJAMIN LOGAN WILLIAMS, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | Case No. 1:15-cv-74 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| HAMILTON COUNTY, TENNESSEE, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## **M E M O R A N D U M**

Before the Court is Defendant Hamilton County, Tennessee's ("Hamilton County") motion for judgment as a matter of law (Doc. 119) on Plaintiff Williams's claim under the Religious Land Use and Institutionalized Persons Act (the "RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*—the only remaining claim against Hamilton County. Plaintiff responded in opposition (Doc. 121), and Hamilton County replied (Doc. 122). For the reasons explained below, the Court construes Hamilton County's motion as a motion for summary judgment and will **GRANT** the motion (Doc. 119).

**I.    BACKGROUND**

This case arises out of the Defendants' alleged failure to provide Plaintiff with a kosher diet in accordance with Plaintiff's Jewish faith while he was incarcerated.[1] After a traffic stop in which officers believed Plaintiff to be under the influence of a stimulant, Plaintiff was incarcerated at the Hamilton County Jail on April 4, 2014, and remained there until April 14, 2014, when he was transferred to the Silverdale Detention Facility. He remained there until he was released from

---

[1] The Court recited the facts of this case in detail in its summary judgment memorandum (Doc. 113). The Court will thus forego a detailed recitation of the facts in this memorandum.

custody on May 1, 2014. Plaintiff subsequently filed suit against a number of entities, including Hamilton County, claiming he was denied a requested kosher diet while incarcerated. Plaintiff brought claims under the RLUIPA, 42 U.S.C. § 1983, and the Tennessee Constitution.

Each party moved for summary judgment on Plaintiff's claims, and on April 27, 2017, the Court entered an order resolving each of those motions. (Doc. 114.) As part of that order, the Court granted summary judgment in favor of Hamilton County on each of Plaintiff's claims except for that brought under the RLUIPA. This is the only claim still pending against Hamilton County.

On May 19, 2017, Hamilton County filed this motion for judgment as a matter of law (Doc. 119). Hamilton County represents that it has recently been informed that Plaintiff is seeking only declaratory relief against it, not monetary damages.[2] As a result, Hamilton County argues, Plaintiff's RLUIPA claim is moot, and Hamilton County should therefore be dismissed from the action.

## II. STANDARD OF REVIEW

Hamilton County moves for judgment as a matter of law under Federal Rule of Civil Procedure 50. Rule 50(a)(1) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
>> (A) resolve the issue against the party; and
>> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

---

[2] The complaint makes no mention of the specific type of relief Plaintiff seeks against Hamilton County. In its motion, Hamilton County represents that it was only just recently informed by Plaintiff that he was seeking only injunctive and declaratory relief against it. However, in his response, Plaintiff states he is seeking only declaratory relief against Hamilton County.

2

Hamilton County presumably brings its motion under this particular rule because the dispositive motion deadline has already passed, and Rule 50(a)(2) allows for the filing of motions for judgment as a matter of law "any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). Subsection (a)(1), however, specifically limits the court's ability to resolve such a motion until after "a party has been fully heard on an issue *during a jury trial*." Fed. R. Civ. P. 50(a)(1) (emphasis added). Hamilton County is right that the case has yet to be submitted to the jury. But the trial itself has not yet begun. No party has therefore been "fully heard" on any issue during trial.

Instead, the Court considers the motion before it under the summary judgment rule. Although Hamilton County's motion for summary judgment has already been ruled on, Rule 56 allows the Court to render judgment "independent of the motion." Fed. R. Civ. P. 56(f). After giving notice of the court's intent to so rule and a reasonable time to respond, the court may: "(1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." *Id*. The Court will consider Hamilton County's motion under the last of these options.[3]

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact

---

[3] The Court finds that the prerequisites in Rule 56(f) have been sufficiently satisfied. The parties were put on notice that the Court would address the alleged mootness of the RLIUPA claim when Hamilton County filed the instant motion, rather than the Court raising the issue without warning. Further, the parties were afforded reasonable time to address the issue; Plaintiff responded in opposition (Doc. 121), and Hamilton County filed a reply (Doc. 122). The Court therefore finds that additional briefing on the issue would be unnecessary.

exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).

## III. DISCUSSION

Mootness is jurisdictional. Because Article III of the Constitution limits the Court's jurisdiction to "actual cases and controversies," the Court has no power to adjudicate disputes which are moot. *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997). "A case becomes moot when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome." *United States v. City of Detroit*, 401 F.3d 448, 450 (6th Cir. 2005). The test for mootness asks "whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Id*. at 450–51. "The mootness inquiry must be made at every stage of a case."[4] *McPherson*, 119 F.3d at 458.

---

[4] The Court notes, as does Plaintiff, that Hamilton County did not raise the issue of mootness in its motion for summary judgment. Plaintiff argues the Court still could have ruled on the issue in its summary judgment order of April 27, 2017, but did not do so, and therefore should not do so now. The Court's silence on the issue, however, was not a ruling thereon. First, the Complaint makes no mention of the specific types of relief sought, and Hamilton County represents that it was informed *after* its motion for summary judgment was filed that Plaintiff sought only declaratory relief against it. (Doc. 119.) With no indication of the specific type of relief sought, neither Hamilton County nor the Court could have then known that Hamilton County might be subject to dismissal. Second, the Court's inaction on mootness at the time, knowing or unknowing, has no bearing on the Court's ability—and duty, for that matter—to rule on the issue now. Since mootness is a jurisdictional issue, it can, and must, be addressed at every stage of litigation. *McPherson*, 119 F.3d at 458; Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Hamilton County contends that Plaintiff's claim for declaratory relief under the RLUIPA has been rendered moot. The RLUIPA provides in pertinent part:

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a). The denial of a requested religious diet in accordance with an inmate's sincerely held religious beliefs certainly implicates the statute. But because Plaintiff was released from custody on May 1, 2014, the alleged "substantial burden" is no longer being imposed. And because Plaintiff is seeking *only* declaratory relief, Hamilton County argues, there is no live controversy for the Court to address in relation to the relief sought.

Hamilton County relies primarily on *Cardinal v. Metrish*, 564 F.3d 794 (6th Cir. 2009). There, the plaintiff inmate, a kosher meal program participant, was transferred to a facility that did not serve kosher meals. The plaintiff refused the non-kosher meals from March 2, 2005, until March 8, 2005, when he was transferred to a different facility that did provide a kosher diet. *Id*. at 797. The plaintiff subsequently asserted a RLUIPA violation, seeking damages and declaratory and injunctive relief. The Sixth Circuit Court of Appeals found that the plaintiff's transfer to a facility that *did* meet his dietary request mooted his claims for declaratory and injunctive relief under the RLUIPA. *Id*. at 798–99.

Likewise, in *Berryman v. Granholm*, 343 F. App'x 1 (6th Cir. 2009), the plaintiff inmate sought declaratory and injunctive relief, as well as monetary damages, under the RLUIPA after being temporarily removed from the prison's kosher meal program. After being so removed, the plaintiff was then transferred to a different correctional facility. The Sixth Circuit, citing *Cardinal*,

5

held that the plaintiff's transfer mooted his claims for both declaratory and injunctive relief under the RLUIPA. *Id*. at 5.

Plaintiff contends that although he is no longer incarcerated, the ongoing nature of Hamilton County's policies renders his claim a live controversy. Moreover, Plaintiff argues, the plaintiffs in those cases cited by Hamilton County were eventually transferred to facilities that met their dietary requests; Plaintiff was never transferred to such a facility. Furthermore, Plaintiff argues the Court of Appeals in *Berryman* erred in its interpretation of the district court's decision. The district court there acknowledged the plaintiff's demand for declaratory relief but never directly addressed it—the court only addressed the claims for injunctive relief and monetary damages. Therefore, according to Plaintiff, the Sixth Circuit's affirmation of the mootness of the plaintiff's claim for declaratory relief was improper, because the Court of Appeals cannot affirm a finding the lower court never made.

Hamilton County's argument is well taken. Plaintiff's release from custody was, in effect, no different than the plaintiffs' transfers to diet-accommodating facilities in the above cases; once released, Plaintiff was no longer denied kosher meals. And because Plaintiff does not seek monetary damages against Hamilton County for this alleged denial, there is no live controversy for the Court to address. Furthermore, Plaintiff's discussion of *Berryman* is unavailing. Even assuming the Sixth Circuit's decision in that case on the plaintiff's claim for declaratory relief carries no weight, its decision in *Cardinal* does. The Court of Appeals there expressly held that the plaintiff's transfer to a diet-accommodating facility mooted the plaintiff's claims for *both* injunctive and declaratory relief. The law in this circuit makes clear that Plaintiff's release from custody on May 1, 2014, rendered his claim for declaratory relief moot under the RLUIPA.

Furthermore, no exception to mootness applies here. Courts have carved out such an exception where the alleged wrong is "capable of repetition, yet evading review." This exception applies when the challenged action is too short in its duration to be fully litigated before its cessation or expiration. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). However, the plaintiff must also demonstrate "a reasonable expectation that the same complaining party would be subject to the same action again." *Id*. at 149; *McPherson*, 119 F.3d at 458.

Here, Plaintiff has intimated no expectation, reasonable or otherwise, that he will be incarcerated again in a facility operated by Hamilton County. Even assuming he would again be so incarcerated, Plaintiff has not demonstrated a reasonable expectation he would be denied a kosher diet. In fact, in his motion for summary judgment (Doc. 64), the statement of material facts in support thereof (Doc. 66), his responses in opposition to motions for summary judgment and statements of material facts filed by various Defendants (Docs. 68–70, 74–76, and 82), and the final pretrial order (Doc. 115), Plaintiff repeatedly maintains that the alleged violations stem from the Defendants' *failure to follow* their own policies—*not* that the Defendants had a practice of denying Jewish inmates kosher meals.[5] The first time Plaintiff raised any sort of objection to the Defendants' policies was in his response to this motion. And even this objection was limited to a

---

[5] The United States Supreme Court faced a similar issue in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). The plaintiff there brought suit after he was put in a chokehold and rendered unconscious by police officers during a traffic stop in which the plaintiff offered no resistance. *Id*. at 97–98. The Court ultimately held that the plaintiff had failed to allege a live controversy. To do so, the plaintiff would have had to show either: "(1) that *all* police officers in Los Angeles *always* choke any citizen with whom they happen to have an encounter . . . or, (2) that the City ordered or authorized police officers to act in such manner." *Id*. at 105–06. Without either of these allegations, the plaintiff could not demonstrate a reasonable expectation he would be subject to the challenged action again. Similarly, here, Plaintiff has alleged neither (1) that *every* person responsible for furnishing kosher meals in the relevant correctional institutions *always* fails to furnish kosher meals to any Jewish inmate who makes such a request, nor (2) that Hamilton County ordered or authorized the denial of a kosher diet.

7

single, conclusory sentence.[6] (Doc. 121 ¶ 4.) Plaintiff does not identify the policies to which he refers, nor does he explain how those policies violate his rights. As such, Plaintiff has failed to demonstrate a reasonable expectation that he would be subject to the same action again.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's claim for declaratory relief against Hamilton County under the RLUIPA is moot. The Court will therefore **GRANT** Hamilton County's motion (Doc. 119).

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[6] That sentence reads: "Although Plaintiff is no longer incarcerated, the on-going nature of Defendant's challenged policies is sufficient under the circumstances to render Plaintiff's claim a live controversy, as other similarly situated individuals are affected by those policies."