UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BENJAMIN LOGAN WILLIAMS, )
 )
    *Plaintiff*, )
 ) Case No. 1:15-cv-74
v. )
 ) Judge Curtis L. Collier
CORRECTIONS CORPORATION OF )
AMERICA, *et al.*, )
 )
    *Defendants*. )

## **MEMORANDUM & ORDER**

Before the Court are Defendants' fifth and sixth motions in limine.[1] (Docs. 93 and 94, respectively.) Plaintiff responded in opposition (Doc. 105). For the reasons explained below, the Court **DENIES** Defendants' motions (Docs. 93 and 94).

**A.**     **Defendants' Fifth Motion in Limine**

Defendants move to exclude Defendant Chaplain Floyd Davis's use of the phrase "little Jewish hat" and "little hat" to describe a yarmulke during his deposition. (Doc. 93.) In the course of questioning, Chaplain Davis described a past incident in which he had retrieved "religious articles" in response to a request made by a Jewish inmate. (Doc. 77-2.) When asked to clarify what he meant by "religious articles," Chaplain Davis replied, "the little Jewish hat." (*Id.*) Counsel for Plaintiff asked if he was referring to a "yarmulke," which Chaplain Davis confirmed. In describing the same inmate request just moments later, Chaplain Davis stated, "[the inmate] was trying to get a—the little hat." (*Id.*) In affirming that he again was referring to a "yarmulke," Chaplain Davis responded, "That's all [the inmate] wanted." (*Id.*)

---

[1] The Court previously reserved these motions for trial. (Doc. 120.) On further review, the Court has determined they are appropriate for resolution at this time.

Defendants argue these statements are irrelevant under Federal Rules of Evidence 401 and 402. The issue, they contend, is whether Defendants improperly restricted Plaintiff's diet while incarcerated, and Chaplain Davis's use of a non-technical term in a deposition to describe religious headwear has no tendency to make Defendants' alleged conduct more or less probable. Additionally, Defendants argue that the probative value of these statements is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time, in contravention of Rule 403. Specifically, Defendants maintain that these benign comments would unfairly prejudice the jury, misleading it to think Chaplain Davis held some sort of animus toward the Jewish faith when he simply could not recall a word during a deposition.

The Court finds Chaplain Davis's statements are relevant under Rules 401 and 402. To the extent they are deemed derogatory, Chaplain Davis's statements could suggest disdain for the Jewish faith, which would tend to make it more probable that a Jewish inmate's religious request would go unaddressed—particularly where Chaplain Davis was responsible for approving such a request. On the other hand, if viewed as merely an inability to recall religious terminology, these statements could evince a lack of familiarity with certain religious faiths that a chaplain should have, making it more probable that certain religious requests would not receive due attention. The Court finds also that these statements comply with Rule 403. That Chaplain Davis made the statements at issue is undisputed, and Defendants will have the opportunity to explain the context in which those statements were made. The Court, therefore, cannot say that the probative value of these statements is substantially outweighed by the danger of unfair prejudice. The Court **DENIES** Defendants' fifth motion in limine (Doc 93).

B.	**Defendants' Sixth Motion in Limine**

Defendants move to exclude a comment allegedly made by a Corrections Corporation of America, Inc. ("CCA") employee, Bradley Steinberg, directed at Plaintiff while he was incarcerated. (Doc. 94.) Plaintiff alleges that Steinberg asked him at some point during his incarceration, "What kind of name is Williams anyway? That's not a Jewish name." (Doc. 97-4.) Defendants first contend this is irrelevant under Rules 401 and 402. They argue that the comment by an employee who held no responsibility for implementing dietary requests has no bearing on whether a particular dietary request was satisfied. Additionally, Defendants submit that even if deemed relevant, Steinberg's statement fails the Rule 403 balancing test, as it would unfairly prejudice the jury and divert its focus from the real issue—whether Plaintiff's diet was improperly restricted.

The Court concludes Steinberg's alleged statement is admissible. The statement suggests that at least one CCA employee may have been ignorant of, or insensitive to, aspects of the Jewish faith. This, in turn, tends to make it more probable that a Jewish inmate's religious request, made to CCA employees, would be inappropriately handled. Furthermore, like Chaplain Davis's comments above, Defendants will have the opportunity to explain Steinberg's statement or deny it altogether. The Court cannot say at this time that the probative value of the statement is substantially outweighed by the danger of unfair prejudice or misleading the jury. The Court **DENIES** Defendants' sixth motion in limine (Doc 94).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**