UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| BENJAMIN LOGAN WILLIAMS, | ) | |
| | ) | |
|     *Plaintiff*, | ) | Case No. 1:15-cv-74 |
| | ) | |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| HAMILTON COUNTY, TENNESSEE, | ) | |
| et al., | ) | Magistrate Judge Susan K. Lee |
| | ) | |
|     *Defendants*. | ) | |

## **MEMORANDUM & ORDER**

Before the Court is Defendants' fourth motion in limine.[1] (Doc. 92.) Plaintiff has responded. (Doc. 103.) Defendants have not replied.

Defendants move to preclude Plaintiff "from making arguments or introducing evidence regarding the injuries that he allegedly sustained or the cause of the injuries that he allegedly sustained as a result of the allegations that are contained in the Complaint." (Doc. 92.) They specifically refer to his deposition testimony that, as a result of Defendants' actions, he has suffered from "colon trauma, depression, flashbacks, headaches, malnutrition, and a worsening of his mental health condition." (Doc. 92 at 1–2 (citing Pl. Dep. at 100–04[2]).) They note that Plaintiff has not disclosed any medical providers on his witness list, and that he accordingly has no expert testimony to offer regarding medical conditions, diagnoses, or causation.

---

[1] The Court previously reserved this motion for trial. (Doc. 120.) On further review of the motion, the Court has determined it is appropriate for resolution at this time.

[2] Defendants' motion does not direct the Court to any portion of Plaintiff's deposition in the record.

Defendants assert three grounds to exclude the evidence under the Federal Rules of Evidence (the "Rules"): that it is improper lay opinion testimony under Rule 701, that it is not relevant under Rules 401 and 402, and that it should be excluded under Rule 403.

First, Defendants argue it is improper for a lay person to testify to suffering from a particular condition without a corresponding diagnosis and expert testimony. They also argue it is improper for a lay person to express an opinion on causation of a condition, because that is a scientific or technical issue on which expert testimony is necessary. Plaintiff responds that lay witnesses may testify to their own physical injuries, including when the injuries started or worsened, if the injuries are typically observable by an ordinary person. Plaintiff argues his injuries fall in this category. Plaintiff also argues that a lay witness may testify as to causation if it is within an ordinary person's realm of knowledge.

Rule 701 states as follows regarding non-expert opinion testimony:

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
    (a)    rationally based on the witness's perception;
    (b)    helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
    (c)    not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

A lay person may thus testify "from a process of reasoning familiar in everyday life." *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 240 (6th Cir. 2010) (quoting *United States v. White*, 492 F.3d 380, 401 (6th Cir. 2007)). The modern trend in applying Rule 701 "favors the admission of opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination." *Id.* (quoting *United States v. Valdez-Reyes*, 165 F. App'x 387, 392 (6th Cir. 2006)).

Lay opinion testimony on a specific medical diagnosis may not be admissible without proper expert support, but lay testimony as to a plaintiff's symptoms generally is. *See, e.g.*, *McDonald v. City of Memphis*, No. 2:12-cv-2511, 2016 WL 8201168, at *5 (N.D. Ohio Sep. 22, 2014) (granting motion in limine as to lay testimony on diagnosis requiring medical opinion, but denying motion on plaintiffs' "testimony regarding their personal observations about their emotional and mental health, as well as any obvious physical conditions that were clearly caused by" defendant's actions); *Guthrie v. Ball*, No. 1:11-cv-333, 2014 WL 11581410, at *17 (granting motion in limine as to "particular diagnosis of asthma or sleep apnea" for plaintiff's decedent, but allowing a lay witness's own observations of decedent's symptoms); *Kovacic v. Ponstingle*, No. 1:05CV2746, 2014 WL 4715859, at *2 (N.D. Ohio Sep. 22, 2014) ("plaintiffs may testify regarding their symptoms (and when they began) . . .").

A similar distinction occurs with regard to testimony on causation. A plaintiff may testify as to when his or her symptoms began, and may even testify regarding causation, if that causation is within a lay person's realm of knowledge; but a plaintiff may not testify as to causation where technical or specialized testimony is necessary, such as where there are multiple possible causes of an injury or where specialized medical issues are involved. *See, e.g.*, *Kovacic*, 2014 WL 4715859, at *2–5 (N.D. Ohio Sep. 22, 2014) (where multiple possible causes for plaintiffs' mental-health injuries existed, plaintiffs could "testify regarding their symptoms . . . but may not testify to causation"); *McDonald*, 2016 WL 8201168, at *5 (agreeing with plaintiffs that they may testify to "causation for injuries within the realm of knowledge of a lay person, such as their black eyes, cuts, scrapes, bruises, swelling, pain and chipped tooth," but not as to causation of specific medical diagnoses of "emotional and mental trauma"); *Johnson v. Greenlee*, 2006 WL 1148815, at *1

(E.D. Tenn. 2006) ("Plaintiff may testify to having short-term memory loss, but he may not testify as to the medical cause for such loss.").

Based on the arguments currently before the Court, Plaintiff's testimony as to symptoms of "colon trauma, depression, flashbacks, headaches, malnutrition, and a worsening of his mental health condition" would generally fall within the category either of facts or of opinions that are "(a) rationally based on the witness's perception; (b) helpful . . . to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *See* Fed. R. Evid. 701. Plaintiff's testimony about the symptoms he has personally experienced would be "well founded on personal knowledge and susceptible to specific cross-examination." *See Harris*, 627 F.3d at 240. To the extent such testimony would attempt to state an unsupported diagnosis, however—such as testimony that Plaintiff suffers from a specific physical or emotional disease that would require scientific or specialized knowledge beyond "a process of reasoning familiar in everyday life"—it would not be admissible under Rule 701. *See J.B. Robinson Jewelers*, 627 F.3d at 240. Similarly, Plaintiff may testify about when his symptoms began or worsened or what caused them, to the extent that type of causation would be within a lay person's realm of knowledge. But he may not testify as to causation where specialized medical knowledge would be necessary.

Second, Defendants argue any such testimony would be irrelevant and inadmissible under Rules 401 and 402. This argument builds on Defendants' position that Plaintiff's lay opinion testimony cannot be offered as to his symptoms, diagnoses, or causation. Because Rule 701 would allow Plaintiff's testimony on his symptoms and their timing, as well as any testimony on causation that is within the realm of a lay person's knowledge, there is no longer a basis for Defendants' relevance arguments.

Third, Defendants argue Plaintiff's testimony should be excluded under Rule 403. As relied on by Defendants, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time." Fed. R. Evid. 403. Defendants specifically raise the concern that Plaintiff's testimony would deceive the jury into thinking his opinions are based on a medical provider's opinions and should therefore be given more weight.

The Court does not agree that evidence about Plaintiff's alleged injuries is unfairly prejudicial, confuses any issues, risks misleading the jury, or risks delay or waste of time, much less that any of these dangers substantially outweighs the probative value of the evidence. *See id.* As to Defendants' specific concern about misleading the jury, the Court agrees with Plaintiff that Defendants will have the opportunity to clarify this issue through cross-examination, if they choose to do so.

The Court accordingly **DENIES IN PART AND GRANTS IN PART** Defendants' fourth motion in limine (Doc. 92). Plaintiff may testify as to his symptoms, when they began or worsened, and any opinion as to causation that is within a lay person's realm of knowledge. Plaintiff may not testify as to a specific diagnosis that has not been made by a medical provider or as to causation where specialized medical knowledge would be necessary.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**